IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIO GARCIA-PINEDO, | ) | |
| ID # 13440-041, | ) | |
|         Movant, | ) | No. 3:18-CV-242-L-BH |
| vs. | ) | No. 3:16-CR-00194-L (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DISMISSED** without prejudice.

**I. BACKGROUND**

Emilio Garcia-Pinedo ("Movant") pleaded guilty to illegal reentry after removal from the United States and was sentenced to 48 months' imprisonment. (*See* 3:16-CR-194-L, doc. 27.)[1] He appealed his sentence, and the United States Court of Appeals for the Fifth Circuit affirmed it on November 24, 2017. *See United States v. Garcia-Pinedo*, 704 F. App'x 382 (5th Cir. 2017). After he filed this 28 U.S.C. § 2255 motion on January 18, 2018, *see* 3:18-CV-242-L, doc. 1, he filed a petition for a writ of certiorari in the United States Supreme Court, *see Garcia-Pinedo*, 704 F. App'x 382, *petition for cert. filed*, *Pinedo-Garcia v. United States*, No. 17-7962. He seeks to appeal the Fifth Circuit's decision affirming his sentence. The Supreme Court docketed his petition for a writ of certiorari on March 5, 2018. *See Pinedo-Garcia v. United States*, No. 17-7962.

**II. SCOPE OF RELIEF AVAILABLE UNDER § 2255**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-194-L (1).

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998); *see also United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (same). Here, Movant's conviction is not yet final—and he is still proceeding on direct appeal—as his petition for a writ of certiorari is pending before the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Where, as here, a defendant seeks relief under § 2255 before his conviction is final, the Court should decline to address the § 2255 motion and dismiss the action without prejudice. *See Bernegger*, 661 F.3d at 241 ("The District Court correctly determined that Bernegger's habeas corpus petition was not ripe for review"); *see also, e.g.*, *Cruz v. United States*, Nos. 3:13-cv-158-B & 3:12-cr-8-B (09), 2013 WL 459932, at * 1 (recommending that the defendant's § 2255 motion be dismissed without prejudice because it was filed while his direct appeal remained pending). *rec. adopted* 2013 WL 462354 (N.D. Tex. Jan. 16, 2013); *Canales v. United States*, No. 3:07-cv-78-L, 2007 WL 646189, at *1 (N.D. Tex. Feb. 28, 2007) (dismissing the defendant's § 2255 motion without prejudice because it was filed while his direct appeal remained pending).

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DISMISSED** without prejudice pending the conclusion of Movant's direct appeal.

SIGNED this 20th day of March, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE